UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11107 FMO (GJSx) | Date | September 3, 2021 |
|---|---|---|---|
| Title | James Shayler v. HB Mat Properties, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

Having reviewed and considered all the briefing filed with respect to defendant HB Mat Properties's ("defendant") Motion to Dismiss (Dkt. 29, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Plaintiff James Shayler ("plaintiff") filed the instant action on December 7, 2020, (see Dkt.1, Complaint), and subsequently amended his complaint – the now-operative complaint – on May 6, 2021. (See Dkt. 20, First Amended Complaint [ ] ("FAC")). Plaintiff alleges he "is a disabled person" who visited Fusion Sushi (the "subject restaurant"), located on defendant's property, on three separate occasions and encountered barriers to the property's accessibility. (See id. at ¶¶ 1-3, 12-32). As a result, plaintiff asserts claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. (See id. at ¶¶ 33-59).

Defendant now brings the instant Motion seeking to dismiss plaintiff's claims for lack of subject matter jurisdiction on the basis that plaintiff cannot demonstrate "standing to sue." (See Dkt. 29-1, Memorandum of Points and Authorities in Support of Second Motion to Dismiss [ ] ("Memo") at 5). Defendant first argues that plaintiff "cannot show imminent injury, which is required for standing to sue for injunctive relief – the only relief available under the ADA" – because plaintiff's "alleged intent to return to [the subject restaurant] is vague at best and contrived at worst." (Id. at 9, 11); (see id. at 9-15). Second, defendant argues that plaintiff's ADA claim must be dismissed because: (1) "all issues alleged in the original complaint . . . ha[ve] been remediated"; and (2) plaintiff does not have standing for new alleged violations, such that plaintiff's ADA claim is now moot. (See id. at 15-21).

As an initial matter, the court is persuaded that plaintiff has adequately set forth an intent to return to the subject restaurant at this stage of the litigation. Plaintiff alleges that he "intends and plans to visit the Property again soon[,]" but is "reasonably deterred from returning" due to the alleged accessibility barriers. (Dkt. 20, FAC at ¶ 27). Plaintiff submitted additional evidence attesting that he has "two friends who live in Hermosa Beach near [the subject restaurant], and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11107 FMO (GJSx) | Date | September 3, 2021 |
|---|---|---|---|
| Title | James Shayler v. HB Mat Properties, et al. | | |

[he] enjoy[s] traveling to visit them, spending time with them at the beach, and going out to eat in the neighborhood." (Dkt. 31-1, Declaration of James Shayler [ ] at ¶ 7). Indeed, plaintiff avers that he visited the subject restaurant with one of his friends on such occasion when he was near the property. (See id. at ¶ 8). Defendant's argument here is largely based on questioning the credibility of plaintiff's assertions regarding his intent to return given his ADA litigation history. (See Dkt. 29-1, Memo at 11-15); see also D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1040 (9th Cir. 2008) ("The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny."). Under the circumstances, the court finds, at this time, that plaintiff has sufficiently alleged an intent to return. See, e.g., Brooke v. Hyatt Corp., 2020 WL 3432643, *7 (N.D. Cal. 2020) ("[W]hile [plaintiff] does not allege that she previously visited this particular hotel or that she has any concrete plans to visit on a specific date in the future, she does allege that she frequently travels to the Bay Area and will continue to do so . . . . She also alleges that she will visit the hotel if [defendant] corrects the barrier. Taking these allegations as true, the Court finds [the plaintiff] sufficiently alleges a genuine intent to return.").

With respect to defendant's contention that plaintiff's ADA claim is now moot due to remediation of the alleged subject barriers and because plaintiff lacks standing for other alleged barriers, (see Dkt. 29-1, Memo at 15-21), the parties have submitted competing evidence on these issues. (See, e.g., Dkt. 29-2, Declaration of Jon Rose at ¶¶ 1-5); (Dkt. 31-2, Declaration of John Battista [ ] at ¶¶ 8-31). However, "the relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (cleaned up); Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039-40 (9th Cir. 2004) (same). Because the court finds that "the mootness of Plaintiff's ADA claim is a factual issue implicating both the Court's federal-question jurisdiction, which is predicated on the ADA claim, and the merits of the claim itself[,]" Acosta v. Fast N Esy II, Inc., 2017 WL 75796, *3 (E.D. Cal. 2017), the court will deny defendant's Motion on this ground without prejudice to raising these issues again at summary judgment once the parties have had an opportunity to complete discovery.[1] See, e.g., id. at *3-*4 (denying Fed. R. Civ. P. 12(b)(1) motion, which attacked the mootness of the plaintiff's ADA claim, as "premature" because "[a]ddressing Defendants' jurisdictional attack require[d] the Court to resolve disputed issues of fact that [were] pertinent to the merits of the ADA claim"); Johnson v. SSR Grp., Inc., 2016 WL 3669994, *2 (N.D. Cal. 2016) ("[T]he Court will not dismiss the action at this juncture because the jurisdictional

---

[1] Because plaintiff's ADA claim will not be dismissed, the court will not address defendant's remaining contention that the court should decline to exercise supplemental jurisdiction over plaintiff's state-law claim. (See Dkt. 29-1, Memo at 21-22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11107 FMO (GJSx) | Date | September 3, 2021 |
|---|---|---|---|
| Title | James Shayler v. HB Mat Properties, et al. | | |

analysis is coextensive with the merits of Plaintiff's ADA claim.").[2]

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  Defendant HB Mat Properties's Motion to Dismiss **(Document No. 29)** is **denied**.

2.  Defendant HB Mat Properties's Application **(Document No. 41)** is **granted in part** and **denied in part**.  Defendant's request to continue the discovery cut-off date is **granted**.  Defendant's Application is **denied as moot** on all other grounds.

3.  All fact and expert discovery shall be completed no later than **October 19, 2021**.[3]

4.  The parties shall complete their settlement conference before a mediator from the court's ADR Panel ("settlement officer") no later than **October 19, 2021**.  Plaintiff's counsel shall contact the settlement officer with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court.  After obtaining available dates from the settlement officer, counsel for the parties shall confer and select one of the proposed dates.  Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by parties.  If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties must, no later than 48 hours after the settlement conference is completed, file a Status Report Re: Settlement**.  The Status Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands.  The Status Report shall describe the efforts made by the parties to resolve the dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences.  The Status Report shall also include the name of the settlement officer who assisted the parties with their settlement conference.

5.  Any motion for summary judgment or other potentially dispositive motion shall be filed no later than **November 19, 2021**, and noticed for hearing regularly under the Local Rules.  Any

---

[2] Defendant filed an Ex Parte Application to Stay Discovery Pending Resolution of the Motion to Dismiss [ ] (Dkt. 41, "Application") which seeks a stay of the case pending resolution of the Motion, as well as a "[c]ontinuance of the present discovery cutoff[.]" (See id. at 1-6).  While the court will grant a continuance of the discovery cutoff date, the rest of defendant's Application will be denied as moot given the resolution of defendant's Motion.

[3] Except as set forth in this order, the parties shall comply with all the dates and requirements set forth in the Court's Case Management Order of March 9, 2021 (Dkt. 17).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11107 FMO (GJSx) | Date | September 3, 2021 |
|---|---|---|---|
| Title | James Shayler v. HB Mat Properties, et al. | | |

untimely or non-conforming motion will be denied.  *All potentially dispositive motions shall comply with the requirements set forth in the Court's Order Re: Summary Judgment Motions (Dkt. 18). Each party is allowed one potentially dispositive motion.*

      6.  The parties shall file memoranda of contentions of fact and law; witness lists; the Pretrial Exhibit Stipulation; and joint motions in limine no later than **January 14, 2022**.

      7.  The parties shall lodge their proposed Pretrial Conference Order and file the Joint Jury Instructions; Disputed Jury Instructions; a joint proposed verdict form; a joint statement of the case; proposed additional voir dire questions, if desired; and reply memoranda to motions in limine no later than **January 21, 2022**.

      The parties shall also send copies of the proposed Pretrial Conference Order; Joint Jury Instructions; Disputed Jury Instructions; the joint proposed verdict form; the joint statement of the case; and any proposed additional voir dire questions, to the chambers e-mail address (fmo_chambers@cacd.uscourts.gov) in WordPerfect (the court's preference) or Word format.

      8.  The final pretrial conference and hearing on motions in limine is scheduled for **February 4, 2022**, at 10:00 a.m.

      9.  The trial is scheduled to begin on **Tuesday, February 22, 2022**, at 9:00 a.m.  On the first day of trial, **counsel must appear at 8:45 a.m.** to discuss preliminary matters with the court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |