James S. Link (SBN 94280)
Counselor & Advocate At Law
215 N. Marengo, 3rd Floor
Pasadena, CA 91101
(626)793-9570
(626)628-1925 (fax)
james.s.link@att.net

Attorney for Defendant HB Mat Properties, A California Limited Liability Company

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler,<br><br>         Plaintiff,<br><br>v.<br><br>HB Mat Properties, a California limited liability company; and Does 1-10,<br><br>         Defendants. | Case No.: 2:20-cv-11107-FMO-GJS<br><br>**Supplemental Memorandum Of Points And For Authorities By Defendant On Motion For Summary Judgment**<br><br>Hearing Date: 12/09/2021<br>Time: 10:00 a.m.<br>Courtroom: 6D |

### Introduction

Plaintiff James Shayler claims he is disabled and needs a cane and sometimes are walker for mobility.  The evidence shows Shayler has medical conditions but further shows he does not use a cane or walker.  Shayler has been caught on video in 2019 and twice in 2021 showing him walking and climbing steps without a cane and stooping and bending, all of which he states that he cannot do.  He admitted to perjury in his deposition as shown in the undisputed facts.  He falsely stated in declarations (including his declaration in this case) that his left hand and arm are disabled when is actual **claim** is the right hand and arm are disabled.  But, the stills and videos do not show limited use of the right hand or right arm.  He suborned perjury, having Dr. McCloy sign a declaration stating his left hand and arm have

1  limited use.  He falsely stated in this case he went into the Fusion Sushi with a friend

2  when he testified at deposition that he took the food to go.

3        It is apparent from the evidence presented Shayler attempts to use his medical

4  conditions to extort money from businesses.  Why else would he allegedly go to

5  Fusion Sushi in in March 2019, February 2020, and September 2020 (FAC ¶ 14)

6  before filing the lawsuit?  He wants $4000 per visit and an additional $4000 for

7  being deterred from returning, the latter of which is laughable considering he

8  allegedly went 3 times.  If it was inaccessible on the first visit, it logically should

9  have deterred him from visiting then.  As the late District Judge Edward Rafeedie

10  said about litigation like this:

11        "The scheme is simple: an unscrupulous law firm sends a disabled

12        individual to as many businesses as possible, in order to have him

13        aggressively seek out any and all violations of the ADA. Then, rather

14        than simply informing a business of the violations, and attempting to

15        remedy the matter through 'conciliation and voluntary compliance,' id.

16        at 1281, a lawsuit is filed, requesting damage awards that would put

17        many of the targeted establishments out of business. Faced with the

18        specter of costly litigation and a potentially fatal judgment against them,

19        most businesses quickly settle the matter." *Molski v. Mandarin Touch*

20        *Restaurant*, 347 F.Supp.2d 860, 863 (C.D. Cal. 2004).

21        Mr. Molski, who filed 400 lawsuits in about a 7 year span, at least needed and

22  used a wheelchair for mobility.  *Molski v. Mandarin Touch Rest.*, 359 F. Supp. 2d

23  924, 926 (C.D. Cal. 2005).  Here, Shayler has filed at least 200 cases when his

24  alleged cane or walker use are very questionable.

25        While Shayler is shown on video without a cane walking with a pronounced

26  limp, that limp does not give Shayler license to sue for claimed violations having

27  nothing to do with his disability.  E.g. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903,

28

907 (9th Cir. 2011).

As demonstrated in the joint brief, questions of fact prevent summary judgment from being granted for Shayler.  On the other hand, defendant has established it is entitled to summary judgment because Shayler does not have standing to sue for the alleged violation of the stated regulations, even if he uses a cane.

**1.     Even if Shayler argues his impairments vary from day to day to explain the videos, that argument demonstrates questions of fact exist precluding summary judgment.**

"In assessing whether a genuine issue of material fact exists for trial, we do not weigh the evidence, nor make factual or credibility determinations. Id. '[W]here evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that issue is inappropriate for resolution on summary judgment.' Id. (internal quotation marks omitted)." *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017).

On the one hand, photographic and video evidence show Shayler walking, climbing steps and stairs without a cane, using his right hand and bending and stooping. Undisputed Facts D66-D82.  On the other hand, Shayler told his doctor he **never** bends, stoops or climb stairs (Undisputed Fact D64) and in declarations in this (docket number 49–2, p. 7, ¶ 4) and other cases (Undisputed Fact D72) he states under penalty of perjury he uses a cane daily to walk. However, defendant's evidence, in particular the videos (Exhibits 46-49), show Shayler walking considerable distances without a cane or walker.  The conflicting evidence, some of it from Shayler's own mouth, is apparent and precludes summary judgment.  The trier of fact does not have to believe Shayler when he says he uses a cane.  The trier of fact does not have to believe Shayler when he claims that the alleged barriers

1  denied him full and equal access to Fusion Sushi.

2       Further, Shayler's lack of credibility from his perjured declarations and

3  conflicting statements about his disability, cane use, left hand, and visit to the Fusion

4  Sushi with a friend must also preclude summary judgment in his favor.  As this

5  Court said in *Garrett v. City of L.A.*, 2014 U.S. Dist. LEXIS 186227, at *26 (C.D.

6  Cal. Mar. 3, 2014), "The court is not free to weigh the evidence or make credibility

7  determinations on a motion for summary judgment. [Citation.]"

8       Fundamentally, Shayler has not presented any evidence, other than his own

9  testimony, that he was ever at the Fusion Sushi.  This Court and the jury are not

10  required to believe Shayler when he says he went to Fusion Sushi.  Of course,

11  without ever being at the property, Shayler has no case.

12      Finally, for injunctive relief, Shayler most prove his intent to return to Fusion

13  Sushi.  "Where intent is a primary issue, summary judgment is generally

14  inappropriate." *SEC v. Seaboard Corp.*, 677 F.2d 1297, 1298 (9th Cir. 1982).

15  Shayler may try to argue that his second and third visits show his intent to return.

16  However the purported second and third visits give rise to a very different inference.

17  Shayler does not actually want injunctive relief.  If he truly wanted to be able to go

18  to Fusion Sushi without the alleged barriers it is only logical for him to have brought

19  this action immediately after the first visit. What has been said about multiple visits

20  in *Johnson v. Monterey & Rancho Plaza*, 2020 U.S. Dist. LEXIS 184374, at *26-27

21  (N.D. Cal. Oct. 5, 2020) shows the purpose of multiple visits:

22      "The Court understands that Mr. Johnson is only requesting statutory

23      damages. However, Mr. Johnson does not explain why he visited and

24      returned to the Restaurant so many times over a three-month period. See

25      Compl. ¶ 14. There is no indication in the record that Mr. Johnson

26      received any type of assurance that the access barriers were removed.

27      **The Court can only assume the multiple visits were intended to**

28

1   **increase the amount of statutory damages Mr. Johnson could**

2   **receive in this case.**  [Citation.] **The sheer number of ADA cases that**

3   **Mr. Johnson is litigating in this District also indicates that Mr.**

4   **Johnson is simply interested in increasing the amount of damages**

5   **received in such cases.**"  (Emphasis added.)

6   A list of cases filed by Shayler, in this court's file (Docket No 29–8),[1] shows

7   64 cases in which Shaylor visited properties multiple times, as many as five before

8   filing a lawsuit against the business allegedly visted.  Id. at Item numbers 1-63, 76.

9   The intent is clear—Shayler wants to make money, not accessible businesses.

10   With Shayler's credibility and intent in issue, the motion for summary

11   judgment never should have been filed.  Counsel for Shayler knew the motion is not

12   proper.  Yet they filed the motion creating another credibility issue.  In his October

13   22, 2021 declaration, Shayler says under penalty of perjury:

14   "5. I have very limited use of one arm and hand as a result of an injury

15   on the job as a firefighter years ago. I cannot put much pressure on my

16   **left arm or hand**. …"  Docket No. 49-2, p. 7.

17   But, in his deposition taken on October 13, 2021  (Docket No. 49-3, p.10):

18   "THE WITNESS: I believe this doctor was the one that injured me on

19   my **right elbow** and he waited a year to do the surgery. And by the time

20   he did the surgery, my hand had atrophied and I had **little use or no use**

21   **of my right hand**."  Docket No. 49-3, 24:24-25:3

22   "It [a Shayler declaration] also says, 'I cannot put much pressure on

23   my left arm or hand and my left hand is atrophied.'

24   "A. That's right.

25   "Q. It is your right hand. So your left hand is not atrophied, correct?

___

26   [1] The Court is requested to take judicial notice of Docket No. 29-8.  The list included

27   cases filed up to April 2, 2021.

28

1   "A. No, correct.

2   "Q. **The surgery that you had was on your right elbow**, correct?

3   "A. **Correct**.

4   "Q. Have you ever had surgery on your left hand or elbow?

5   "A. No."  Docket No. 49-3 58:25-59:11.

6   On October 13, 2021, when the deposition was taken Shayler's counsel knew,

7   and should have known before, the surgery was on the right elbow that allegedly

8   affected the right hand.  Despite that knowledge, they file a declaration perpetuating

9   the perjury that the left hand and arm are disabled.  Once again, the motion for

10   summary judgment never should have been filed by Shayler.

11

12   **2.     On the other hand, this Court should grant summary judgment for**

13   **defendant.**

14   Substantially all of the violations of regulations alleged by Shayler are

15   regulations applicable to wheelchair users.  Shayler claims he used a cane when he

16   allegedly visited the Fusion Sushi 3 times.  Undisputed Fact D98.  A cane user

17   cannot sue for the alleged violation of wheelchair regulations.  So said the court to

18   this very same plaintiff in *Shayler v. Patel*, 2020 U.S. Dist. LEXIS 136451, at 10-11

19   * (C.D. Cal. July 31, 2020):

20   "'[A] "barrier" will only amount to such interference if it affects

21   the plaintiff's full and equal enjoyment of the facility *on account of his*

22   *particular disability*.' *Chapman*, 631 F.3d at 947 (emphasis added). As

23   'the [ADA Accessibility Guidelines ('ADAAG')] establishes the

24   technical standards required for "full and equal enjoyment," if a barrier

25   violating these standards relates to a plaintiff's disability, it will impair

26   the plaintiff's full and equal access, which constitutes "discrimination"

27   under the ADA,' thereby satisfying the first element of standing, injury-

28

1    in-fact. Id." *Shayler*, at *9.  In *Shayler v. Patel*, the court ruled he had
2    no standing to sue for change of level regulations, would you apply to
3    wheelchair users.  Id. at * 10-11.

4    Shayler has arguably alleged violations applicable to him, as noted in the Joint
5    Brief, involving handrails on steps from the sidewalk and directional signage.
6    However, he never encountered those barriers.  Undisputed Facts D99-101.  Those
7    never encountered alleged barriers cannot provide standing to sue where, as here,
8    there is no standing to sue on alleged barriers that were allegedly encountered.
9    *Chapman v. Pier 1 Imps. (U.S.), Inc.,* 631 F.3d 939, 944 (9th Cir. 2011) ["an ADA
10   plaintiff **who establishes standing as to encountered barriers** may also sue for
11   injunctive relief as to unencountered barriers related to his disability." (Emphasis
12   added.)]  Further, the United States Supreme Court has made clear that "'Only those
13   plaintiffs who have been concretely harmed by a defendant's statutory violation may
14   sue that private defendant over that violation in federal court.'"  *TransUnion LLC v.
15   Ramirez*, 141 S. Ct. 2190, 2205 (2021).  Shayler has not suffered any concrete harm
16   and will not suffer any harm from the stairs or the alleged lack of signage.

17

18   **3.     This Court should award defendant monetary sanctions against plaintiff's**
19   **counsel in the amount of $15,000.00 for the bad faith pursuit of the motion for**
20   **summary judgment.**

21   In the Remedies section of the Joint Brief, plaintiff counsel removed the
22   following:

23   C.  Sanctions Pursuant [To] 28 U.S.C. § 1927

24   Under 28 U.S.C. § 1927, any attorney "who so multiplies the
25   proceedings in any case unreasonably and vexatiously may be required by the
26   court to satisfy personally the excess costs,  expenses, and attorneys' fees
27   reasonably incurred because of such conduct." Proceedings have been

28

1  multiplied greatly by the filing of the motion for summary judgment, as set

2  forth in the declaration of James S. Link ¶¶ 19-21.

3       Attorney fees may be awarded as monetary sanctions under section

4  1927 for the filing of a frivolous motion. *Shields v. Shetler*, 120 F.R.D. 123,

5  127 (D. Colo. 1988). "Sanctions pursuant to section 1927 must be supported

6  by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club,*

7  *LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). "Bad faith is present when an

8  attorney knowingly or recklessly raises a frivolous argument, [citation], or

9  argues a meritorious claim for the purpose of harassing an opponent,

10  [citations]." (Id.)

11       The bad faith of counsel is clear. Plaintiff counsel knew a motion for

12  summary judgment had no merit. Long before plaintiff's counsel sent the

13  draft prior to the joint motion to this counsel, plaintiff's counsel had the videos

14  showing plaintiff walking without a cane, walking on stairs, using his right

15  hand, stooping, and bending. At the meet and confer for this motion,

16  defendant's counsel specifically discussed the fact that the evidence presented

17  in the videos raised questions of fact precluding summary judgment.

18       On October 13, 2021, counsel took the deposition of plaintiff. Counsel

19  showed him stills from the videos as well as the videos showing him walking

20  without a cane, walking on stairs, using his right hand, stooping and bending.

21  Despite the obvious challenge to his credibility from the videos, plaintiff

22  counsel have proceeded with the filing of this motion. They have done so

23  despite the fact they were aware plaintiff perjured himself in declarations,

24  which also discredits his testimony.

25       Defendant should be awarded monetary sanctions against plaintiff's

26  attorneys in the amount of $15,000. See Link Decl. ¶¶ 19-21.

27

28

1

**Conclusion**

2
   "'Article III grants federal courts the power to redress harms that defendants

3
cause plaintiffs, not a freewheeling power to hold defendants accountable for legal

4
infractions.' [Citation.]" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205

5
(2021).  Like many serial litigants, Shayler moves about Los Angeles County

6
looking for businesses to sue.  He has not suffered concrete harm at Fusion Sushi and

7
we dare say at any of the businesses he has sued.

8
   Shayler should be denied summary judgment.  On the other hand, summary

9
judgment should be granted for defendant on the ADA claims because this Court

10
does not have jurisdiction over them and supplemental jurisdiction is properly

11
denied.  Defendant should be awarded $15,000 against Shayler's attorneys.

12
 Date: November 24, 2021

13

14
James S. Link

14
Attorneys for Defendant HB Mat

15
Properties

16

17

18

19

20

21

22

23

24

25

26

27

28

Supplemental Memorandum Of Points And For Authorities By Defendant On Motion For Summary
Judgment