Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
Kyle Wilson (SBN 323888)
kyle@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| James Shayler, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HB MAT PROPERTIES, a California limited liability company; FUSION SUSHI, a business of unknown form; and DOES 1-10,<br><br>Defendants. | Case No.:  2:20-cv-11107-FMO-GJS<br><br>Hon. Fernando M. Olguin<br><br>**SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I.    INTRODUCTION

Defendant HB Mat Properties ("Defendant") is clearly looking for any avenue to avoid taking responsibility for their abject failure to maintain their property in compliance with the Americans with Disabilities Act ("ADA"). In support of its efforts, Defendants rely on out-of-context still images submitted to gain an advantage by an attorney representing other defendants an unrelated matter filed by Plaintiff, James Shayler ("Plaintiff").

Plaintiff is, without question, disabled under the ADA. Certified and licensed physicians have signed records documenting his foot, leg, back, and arm issues. The medical records reflect that, among other things, Plaintiff: has difficulty walking and standing, has a leg that gives out, has atrophy of the hand, uses mobility devices, suffers from neuropathy of the foot, was recently hospitalized for a foot infection and required a walking boot. A few still images from a video taken over minutes on one single day do not negate several years of diagnoses made by multiple different physicians. As such, he has standing to pursue his claims.

Similarly, Defendant's desperate attempts to detract from the myriad violations on the Property lack any legal or factual basis. Accordingly, Plaintiff respectfully requests the Court grant his motion for summary judgment.

## II.    DISCUSSION

### A. Plaintiff is Disabled for Purposes of the ADA

While Defendant devotes greats time and effort engaging in baseless speculation regarding Plaintiff's disability, it never once cites legal authority for its proposition that Plaintiff is not disabled under the ADA. Almost certainly this is because Plaintiff is, as a matter of law, disabled for purposes of the ADA.

### 1.  Courts Have Unanimously Found Plaintiff Is Disabled Under the ADA

A few defendants in different matters have attempted challenge Plaintiff's disability by referencing photographs submitted by another defense attorney in *James Shayler v. 10616 Pico, LLC*, Case No. 2:21-cv-00166-VAP-AGR. However, the Honorable Virginia A. Phillips, who is presiding over the 10616 Pico, LLC matter, did not find them persuasive and proceeded to grant Plaintiff's default judgment application in full. *Shayler v. 10616 Pico, LLC*, Case No. 2:21-cv-00166-VAP-AGR, ECF No. 24, Order Granting Motion for Default Judgment. Similarly, in another matter, *James Shayler v. Ehab S. Yacoub*, Case No. 2:20-cv-01882-RAO, the Honorable Rozella A. Oliver declined to vacate the award on summary judgment for injunctive relief and $20,000 in statutory damages.

Most recently, the Honorable Michael W. Fitzgerald made the affirmative finding that Plaintiff is disabled as a matter of law for purposes of the ADA. *James Shayler v. MMWH Group*, Case No. 2:20-cv-10051-MWF-PVC, ECF No. 71,

SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MSJ

Discharge of Order to Show Cause Re: Summary Judgment. Reviewing the same evidence submitted by Defendant, the Court found that the surveillance video indicated that "Plaintiff's stride is noticeably impaired by discomfort." *Id.* at 1. Thus, every court that has considered the issue has reached the same conclusion: Plaintiff is disabled and has standing to seek relief under the ADA.

## 2.   Plaintiff Has Established He Is Disabled as Defined under the ADA

Generally, under the ADA, "the definition of disability … shall be construed in favor of broad coverage of individuals under [the ADA], to the maximum extent permitted by the terms of [the ADA]." 42 U.S.C. § 12102(4)(A).  In other words, the statute *requires* "disability" to be "construed broadly." *Id.* The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities" of an individual.  42 U.S.C. § 12102(1)(A).  "Major life activities" "include, but are not limited to…walking, standing…reaching, lifting, bending…."  42 U.S.C. § 12102(2)(A) (emphasis added).

Additionally, the ADA Amendments Act of 2008 ("ADAAA") was passed "to make it easier for people with disabilities to obtain protection under the ADA." 28 C.F.R. § 36.101(b). Further, the focus should be on whether the entities have complied with their obligations under the ADA and whether discrimination occurred; "the question of whether an individual meets the definition of 'disability' under this part should not demand extensive analysis." *Id.* The definition of

disability includes "an impairment that is episodic…if it would substantially limit a major life activity when active." 28 C.F.R. § 36.105(d)(iv).

Here, Plaintiff clearly fits the ADA's definition of an individual with a disability. He has difficulty walking and standing. Declaration of James Shayler in Support of Plaintiff's Motion for Summary Judgment ("Shayler Decl.") ¶ 7; P's Exh. 1. He has neuropathy and a history of infection in the foot requiring hospitalization and a walking boot. Shayler Decl. ¶¶ 10, 12-15; P's Exhs. 4, 6-9. Plaintiff's primary care physician, Dr. McCloy stated under penalty of perjury that he has observed Mr. Shayler use a cane and walker to assist him with ambulation. Declaration of Thomas McCloy in Support of Plaintiff's Motion for Summary Judgment at ¶ 7. In sum, the record indisputably illustrates that Plaintiff experiences conditions that interfere with major life activities as defined by the ADA.

Additionally, Defendant's own evidence establishes Plaintiff's disability. During the five minutes in which Plaintiff appears on the video referenced by Defendants, he can be seen with great difficulty, discomfort, and pain, hobbling from his car to the entrance of the store, making a purchase and returning to his vehicle. It is evident to any reasonable person who views the entire video that Mr. Shayler is mobility impaired. It is evident by his facial expression that he is experiencing discomfort.

The ADA and ADAAA support a finding that Plaintiff is disabled, even when his symptoms are not completely debilitating. Although Defendant points to minor discrepancies in Plaintiff's testimony to support its conclusion that Plaintiff is not disabled, it does not (and cannot) explain away the years of medical documentation establishing Plaintiff's disability. Given the overwhelming evidence Plaintiff presented in support of his disability, there is no genuine dispute of material fact as to this element.

**B. Plaintiff Visited Fusion Sushi and Intends to Return**

Although Defendant claims that there is a genuine dispute regarding whether Plaintiff ever visited Fusion Sushi, it points to nothing more than speculation and conjecture in raising this "dispute."  Rather, Defendant identifies minor discrepancies in Plaintiff's testimony and seeks to entirely discredit his testimony on that basis. However, these inconsistencies do not establish that Plaintiff is dishonest, nor do they raise a genuine dispute of material fact.

The conflicting statement regarding the injuries to Plaintiff's hand and arm are the result of a simple misstatement. The medical records submitted by Plaintiff clearly indicate that he has experienced injuries and disabilities in his right hand. *See* P's Exh. 3. While Plaintiff's misstatement is certainly regrettable, Plaintiff had nothing to gain by intentionally lying about which hand he injured. Thus, the discrepancy does not constitute perjury, is not probative of Plaintiff's credibility or

SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MSJ

truthfulness, and certainly do not give rise to a genuine dispute regarding an entirely unrelated element of Plaintiff's claim.

Regarding Plaintiff's testimony about the circumstances of his visits to Fusion Sushi, the contradictory testimony does not raise an issue regarding a material element of Plaintiff's claim. Plaintiff has been unequivocal in his testimony that he visited Fusion Sushi during the time periods identified in his complaint. The circumstances of his visits are not material to his claim. To the extent that Defendant argues that summary judgment is improper if a witness has given conflicting testimony at any time about any fact is unworkable, would preclude summary judgment in nearly every case, and ignores the inherent fallibility of human memory. The simple fact is that the only evidence on the record establishes that Plaintiff visited Fusion Sushi. Accordingly, there is no genuine dispute as to this element.

Defendant once again engages in baseless speculation with respect to Plaintiff's intention to return to the Property. As an initial matter, intent is not a "primary issue," as it is not an element of Plaintiff's substantive claim for relief. The Ninth Circuit has explicitly stated that a plaintiff's status as an "ADA tester" does not deprive him of standing because "motivation is irrelevant to the question of standing under Title III of the ADA." See Civ. Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1102 (9th Cir. 2017).

**C. The Violations Identified by Plaintiff Apply to Cane Users**

Tellingly, Defendant does not dispute that there is a laundry list of accessibility violations on the Property. Rather, Defendant relies on misdirection and conclusory misstatements of law to suggest that the accessibility barriers identified by Plaintiff apply only to wheelchair users. This could not be further from the truth.

Respectfully, the advisory cited by the court's July 31, 2020, decision in *Shayler v. Patel* pertains to Section 304.2, which falls under a different section specifically about turns.  *Shayler v. Patel*, 2020 U.S. Dist. LEXIS 136451, at *9 (C.D. Cal. July 31, 2020). ECF Doc. 50, 7:21-8:2. Plaintiff is not alleging a violation of Section 304.2.  Even so, the advisory states, "such changes in level are prohibited in required clear floor and ground spaces, turning spaces, and similar spaces where people using wheelchairs and other mobility devices must park their mobility aids such as in wheelchair spaces, or maneuver to use elements ***such as at doors***, ***fixtures***, and telephones." Advisory Note, 2010 ADAS § 304.2 (emphasis added).

The Court also raised a question as to whether a walker qualifies as a mobility device.  ECF Doc. 50, 8:6-8.  The United States Department of Justice Civil Rights Division, Disability Rights Section released an overview of the 2010 ADA Standards for Accessible Design, in which it defined a mobility device to

include a walker.  The guidance states, "People with mobility, circulatory,

respiratory, or other neurological disabilities use many kinds of devices for

mobility.  Some use *walkers*, canes, crutches, or braces."[1]  (emphasis added).

Plaintiff used his walker on multiple visits to the property.  SAC ¶ 13 (4:16-18).

Therefore, Plaintiff would have been using a mobility device according to the

Department of Justice's definition.  Even if Plaintiff did not use his walker every

time, it would be unjust to allow discrimination against Plaintiff when he does

require his walker.  Plaintiff encountered these barriers, and he was not able to

fully access the property due to these barriers, which caused him difficulty,

humiliation, and/or frustration.  SAC ¶¶ 22-24 (7:25-8:1).  Thus, the change in

level violations are applicable to disabled persons using other mobility devices

such as canes.

　　　Regarding the interior violations, Defendant relies on citation to decisions

from other jurisdictions for its proposal that "substantially all items listed by

Shayler" are applicable only to wheelchair users. Defendant never identifies

precisely which of the interior violations it contends are applicable only to

wheelchair users.

---

[1] U.S. Department of Justice, Civil Rights Division, Disability Rights Division, *Wheelchairs, Mobility Aids, and Other Power-Driven Mobility Devices*, ADA.Gov, https://www.ada.gov/opdmd.htm.

SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MSJ

With respect to the lack of directional signage, Defendant claims, without explanation, that these violations are not applicable because Plaintiff drove to the Property. Regardless of how he arrived at the Property, directional signage was still necessary for Plaintiff to navigate safely and efficiently to the accessible route of travel.

**D. Defendant is Not Entitled to Summary Judgment or Sanctions**

Finally, Defendant's request for sanctions and summary judgment in its favor are both procedurally improper and legally unfounded.

Regarding Defendant's request for summary judgment in its favor, Defendant has failed to follow the procedures set out by this Court or the Local Rules regarding a motion for summary judgment.[2] Defendant had the opportunity to bring its own motion for summary judgment and declined to do so. Substantively, Defendant has failed to justify a grant of summary judgment in its favor given the overwhelming evidence Plaintiff has submitted in favor of his own motion.

With respect to Defendant's request for sanctions, Defendant has once again failed to follow the proper procedure for bringing its motion. Defendant did not file

---

[2] In fact, this Court's March 10, 2021, Order Re: Summary Judgment Motions suggests that Defendant's supplemental memorandum should be stricken for raising a motion for summary judgment without complying with the order.

SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MSJ

a notice of motion and motion, did not meet and confer with Plaintiff regarding its request for sanctions, and has not provided for adequate time to brief the issue before the hearing on **_Plaintiff's_** motion.[3] Substantively, Defendant has failed to establish that Plaintiff's motion was "frivolous." The mere fact that Defendant's counsel (unsurprisingly) takes issue with Plaintiff's claim is insufficient to establish that Plaintiff brought his motion frivolously or in bad faith. In fact, the success that Plaintiff has had in other actions regarding the same issues raised by Defendant establishes that his motion has legal merit and is not frivolous. Similarly, Defendant's claims of perjury are shockingly devoid of legal analysis. Perhaps this is because Defendant knows it cannot possibly establish the intent required for a finding of perjury. Whatever the case, Defendant has failed to establish that Plaintiff's motion is frivolous, and its request for sanctions should be denied.

---

[3] Defendant also improperly attempted to insert an entirely new section regarding sanctions into the joint brief on Plaintiff's Motion for Summary Judgment. Under the Court's Order Re: Summary Judgment Motions, Defendant was only to respond to Plaintiff's arguments upon receipt of the draft joint brief. The Order also prohibited Plaintiff from substantively editing the brief upon receipt of Defendant's portion and thus Plaintiff could not have responded to the newly raised issues. Accordingly, Plaintiff deleted the new section and informed Defendant of the deletion.

SUPPLEMENTAL MEMORANDUM ISO PLAINTIFF'S MSJ