Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
Kyle Wilson (SBN 323888)
kyle@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>HB MAT PROPERTIES, a California limited liability company; FUSION SUSHI, a business of unknown form; and DOES 1-10,<br><br>       Defendants. | Case No.: 2:20-cv-11107-FMO-GJS<br><br>Hon. Fernando M. Olguin<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference: February 4, 2022<br>Time:                 10:00 a.m.<br><br>Complaint Filed:   December 7, 2020<br>Trial Date:           February 22, 2022 |

Pursuant to Local Rule 16-4, Plaintiff hereby submits his Memorandum of Contentions of Fact and Law.

## I. PRELIMINARY STATEMENT

Plaintiff James Shayler ("Plaintiff"), who is disabled, faced numerous obstacles in attempting to patronize Fusion Sushi (the "business" or "the restaurant"), located at 1200 Pacific Coast Hwy, Hermosa Beach, California 90254 (the "Property"). Mr. Shayler has several spinal issues, including spinal arthritis, spinal stenosis, spondylosis, and a herniated disk. These conditions severely impact his mobility, and he requires a cane and/or walker ("mobility device") to get around and access business facilities.

On three (3) separate occasions, Plaintiff had difficulty visiting the Property simply because Defendant HB Mat Properties, owner of the Property, and Defendant Fusion Sushi, operator of the business, (collectively the "Defendants") refuse to perform the routine remediations necessary to make the Property accessible under the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12181, *et seq.*) and the Unruh Civil Rights Act ("UCRA") (California Civil Code § 51, *et seq.*).

Plaintiff moves for summary judgment because there is no dispute that, as an individual with disabilities, he has faced, and will continue to face, barriers to access at the Property. Specifically, the Property's parking, routes of travel,

signage, and business interior are not ADA-compliant and present significant hurdles to Plaintiff's full use and enjoyment of the business. These violations are substantial, well-documented, and can be remediated with minimal time, expense, and impact on the business. These same obstacles also constitute violations of the UCRA.

During his visits, Plaintiff encountered a walkway with excessive changes in level. The route is excessively sloped and does not contain the safety features of a ramp, making it difficult for Plaintiff to safely travel to the business using his mobility device. Plaintiff also had difficulty determining where to park, and how to enter the business, due to the lack of signage.

Plaintiff's Certified Access Specialist (CASp), John Battista, found that found that these violations exist, and additionally that a large number of barriers not encountered by Plaintiff during his visit are also present on the Property. These violations can be fixed for less than $25,000 in total, which is far less than what Defendant pays in property taxes for the Property on an annual basis.

In light of these ongoing barriers, Plaintiff seeks an order requiring Defendant to remediate existing violations, including by repaving the route of travel and landing to the business entrance; providing designated disabled parking and an adjacent access aisle of appropriate size; and posting/and or painting appropriate signage. Plaintiff also seeks damages under the UCRA in the amount

of $16,000 for the three visits where he encountered these access barriers as well as for one deterred visit to the business.

## II. PLAINTIFF'S CLAIMS

<u>Claim 1: Violation of the Americans with Disabilities Act of 1990 ("ADA")</u>

*Elements*

(1) Plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) Defendant owns, leases, or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) Defendant discriminated against Plaintiff within the meaning of the ADA. Plaintiff will prove discrimination if (a) Defendant's facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]; and (b) Plaintiff encountered and/or became aware of the architectural barriers, precluding his full and equal access to the facility, entitling him to relief [42 U.S.C. § 12188(a)].

*Key Evidence*

1. The testimony of Plaintiff James Shayler;
2. The testimony of Marc Friedlander;
3. The testimony of John Battista;

4. The testimony of Hamid Mir, M.D.;

5. The testimony of Thomas McCloy, M.D.;

6. The testimony of Parham Yashar, M.D.;

7. The testimony of John Plut, M.D.;

8. The testimony of Henry Su, M.D.;

9. The testimony of Dr. Charles Ananian;

10. The testimony of Nasser Matloob;

11. The testimony of Henry N. Jannol;

12. The testimony of James Link;

13. The testimony of Stephen Abraham;

14. The testimony of Melissa Daugherty;

15. Plaintiff's Complaint;

16. Defendant's Answer to Complaint;

17. Plaintiff's First Amended Complaint;

18. Defendant's Answer to First Amended Complaint filed on May 24, 2021;

19. Defendant's Answer to First Amended Complaint filed on May 27, 2021;

20. Photographs of the Property, taken by Marc Friedlander on August 30, 2021;

21. Report prepared by John Battista, CASp regarding his inspection of the Property on April 1, 2021;

22. Costs and Time for Fusion Sushi Remediation Based on CASp Report dated April 1, 2021 prepared by John Battista;

23. Copy of Plaintiff's Disability parking placard;

24. Copy of Plaintiff's redacted medical record;

25. Copy of photograph of Plaintiff's cane and walker;

26. Copy of the Property Deed;

27. Copy of Plaintiff's Requests for Admissions propounded on Defendant and associated Responses and Amended Responses;

28. Plaintiff's Requests for Production of Documents propounded on Defendant and associated Responses, Amended Responses, and Exhibits;

29. Copy of Plaintiff's Interrogatories propounded on Defendant and associated Responses and Amended Responses;

30. PropertyShark Report;

31. Copy of Defendant's initial disclosures;

32. Declaration of James Shayler in support of response to order to show cause in the matter of James Shayler v. MMWH Group LLC, et al. and supporting exhibits;

6   Case No. 2:20-cv-11107-FMO-GJS
PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

33. Declaration of Hamid R. Mir, M.D. in support of response to order to show cause in the matter of James Shayler v. MMWH Group LLC, et al.;

34. Orthopedic Independent Medical Examination and Report by Hamid Mir, M.D.;

35. Copy of the Articles of Organization of a Limited Liability Company for HB Mat Properties LLC filed January 6, 2017 with the Secretary of State of the State of California;

36. Copy of the Statement of Information (Limited Liability Company) for HB Mat Properties LLC filed October 9, 2017 with the Secretary of State of the State of California;

37. Copy of the Statement of Information – No Change (Limited Liability Company) for HB Mat Properties LLC filed January 28, 2021 with the Secretary of State of the State of California;

38. Deposition of James Shayler and associated exhibits; and

39. Electronic correspondence from Defendant's counsel regarding the ADA Project and James Shayler.

Claim 2: Violation of the Unruh Civil Rights Act (Cal. Civ. §§ 51-53)

Any violation of the Americans with Disabilities Act is a violation of the

Unruh Civil Rights Act. Cal. Civ. § 51(f). Thus, the elements and evidence for Claim 2 are identical to that of Claim 1.

<u>Anticipated Evidentiary Issues</u>

None at this time.

<u>Anticipated Issues of Law</u>

None at this time.

### III. JURY TRIAL

Plaintiff has demanded a jury.

### IV. ATTORNEYS' FEES

Attorneys' fees are recoverable under the ADA. Plaintiff anticipates filing a motion for attorneys' fees.

### V. ABANDONMENT OF ISSUES

Plaintiff will retain all claims raised in his First Amended Complaint.

Dated: January 14, 2022  THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: */s/ Anoush Hakimi*
Anoush Hakimi, Esq.
Attorneys for Plaintiff, James Shayler