Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES SHAYLER, an individual, | Case No.: 2:20-cv-11107-FMO-GJS |
| Plaintiff, | Hon. Fernando M. Olguin |
| v. | **PLAINTIFF JAMES SHAYLER'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION IN LIMINE NO. 4 TO EXCLUDE VIDEOS, PHOTOGRAPHS, OR EVIDENCE FROM OTHER MATTERS** |
| HB MAT PROPERTIES, a California limited liability company; FUSION SUSHI, a business of unknown form; and DOES 1-10, | |
| Defendants. | Hearing and PTC Date: February 4, 2022<br>Time: 10:00 a.m.<br>Location: 6D |
| | Complaint Filed: December 7, 2020<br>Trial Date: February 22, 2022 |

I.  INTRODUCTION / MATTERS IN DISPUTE

    a. PLAINTIFF'S INTRODUCTION / MATTERS IN DISPUTE

It is anticipated that Defendant HB Mat Properties, a California limited liability company ("Defendant") will introduce videos, photographs, or evidence from other litigation, that do not pertain to Plaintiff's condition on the dates he visited the Property. The videos and stills from the vi

    b. DEFENDANT'S INTRODUCTION / MATTERS IN DISPUTE

The jury and this Court are not obligated to believe Shayler when he says he has disabilities necessitating the use of mobility devices to ambulate and that he used a cane on his alleged 3 visits to Fusion Sushi. The jury and this Court are not required to believe Shayler when he says that the alleged access violations caused him injury. The videos and stills show Shayler neither needs nor uses a cane or walker even though he declares under penalty of perjury that he is required to do so daily. Shayler tries to explain away the videos and stills by claiming his disability is episodic. The jury and this Court is not obligated to believe that either, particularly in light of at least one medical record where Shayler claims his disabilities are continuous. The videos and stills very much prove Shayler lacks credibility, does not have a disability that impacts major life activities and does not use a can or walker.

II. MEMORANDUM OF POINTS AND AUTHORITIES

## a. PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

### i. LEGAL STANDARD: MOTIONS IN LIMINE

Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)).

Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling" (*United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted)), "a district court has discretion in ruling on a motion in limine." *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991). Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his [or her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### ii. DEFENDANT MUST BE PRECLUDED FROM REFERENCING OR INTRODUCING VIDEOS,

3

Case No. 2:20-cv-11107-FMO-GJS

MOTION IN LIMINE NO. 4 TO EXCLUDE VIDEOS, PHOTOGRAPHS, OR EVIDENCE FROM OTHER MATTERS

## PHOTOGRAPHS, OR EVIDENCE FROM OTHER MATTERS

Defendant has cited to photographs and videos taken over a matter of minutes when Plaintiff visited other properties. At Plaintiff's deposition, he was questioned about videos and photographs from certain dates that do not even overlap with the dates of Plaintiff's visits to the Property.

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; the Federal Rules of Evidence; or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Irrelevant evidence is not admissible. *Id.*

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Evidence of Plaintiff's character, motive, litigation history, and/or status as a serial litigant is irrelevant to this lawsuit. Even if such evidence were relevant,

its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury.  *See* Fed. R. Evid. 403.

Generally, under the ADA, "the definition of disability … shall be construed in favor of broad coverage of individuals under [the ADA], to the maximum extent permitted by the terms of [the ADA]." 42 U.S.C. § 12102(4)(A). In other words, the statute ***requires*** "disability" to be "construed broadly." *Id.* The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities" of an individual.  42 U.S.C. § 12102(1)(A).  "Major life activities" "include, but are not limited to…walking, standing…reaching, lifting, bending…." 42 U.S.C. § 12102(2)(A) (emphasis added). The ADA Amendments Act of 2008 ("ADAAA") was passed "to make it easier for people with disabilities to obtain protection under the ADA." 28 C.F.R. § 36.101(b). Further, the focus should be on whether the entities have complied with their obligations under the ADA and whether discrimination occurred; "the question of whether an individual meets the definition of 'disability' under this part should not demand extensive analysis." *Id.* The definition of disability includes "an impairment that is episodic…if it would substantially limit a major life activity when active." 28 C.F.R. § 36.105(d)(iv).

Introducing such evidence will only serve to confuse and mislead the jury, as the images and videos only capture a minutes over a few different months.

5

Case No. 2:20-cv-11107-FMO-GJS
MOTION IN LIMINE NO. 4 TO EXCLUDE VIDEOS, PHOTOGRAPHS, OR EVIDENCE FROM OTHER MATTERS

They do not depict Plaintiff's condition on the exact dates and times that he visited the Property, and thus they are completely irrelevant. Nor do they depict Plaintiff's condition on each minute of every day, and the ADA has recognized that individuals with episodic disabilities are in fact disabled. Thus, this Court should grant Plaintiff's Motion in Limine No. 4.

### b. DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

Shayler must prove he suffers from a disability that "substantially limits one or more major life activities" including walking. 42 U.S.C.S. § 12102.

Shayler must also prove an injury in fact to have standing to sue. "[A] disabled person suffers an injury in fact when he 'encounter[s] a barrier' at a place of public accommodation 'that deprives him of full and equal enjoyment of the facility **due to his particular disability**.' [Citation.] [Emphasis added.]" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011).

Shayler must further prove he suffered difficulty, discomfort or embarrassment or some other injury to prove damages under Civil Code §§ 52 and 55.56. *Mundy v. Pro-Thro Enterprises*, 192 Cal.App.4th Supp. 1, 5-6 (2011); *Doran v. 7-Eleven, Inc.*, 509 F. App'x 647, 648 (9th Cir. 2013); *Kohler v. Presidio Int'l, Inc.*, 2016 U.S. Dist. LEXIS 93519, at *7 (C.D. Cal. Apr. 19, 2016); *Whitaker v. BOP FIGAT7TH LLC*, 2019 U.S.Dist.LEXIS 37086, at *9 (C.D. Cal. Mar. 6, 2019). And more recently see, *Arroyo v. Rosas*, 2021 U.S. App. LEXIS 36510, at *28 (9th Cir. Dec. 10, 2021).

Thus, Shayler must demonstrate the alleged failure to install accessible

parking or other accessible features applies to his alleged disability, which substantially limits his ability to walk, and that a harm resulted from such failure. Shayler's ability to walk without a cane or walker is very relevant to the issues in this case.  But, Shayler seems to think that the jury and this Court is required to believe him when he says his disability is episodic to explain away the videos and stills showing him walking without a cane or walker.  Every witness, every party is subject to impeachment of his or her credibility.  Ninth Circuit Manual of Model Civil Jury Instructions, Instruction No. 1.14, Credibility of Witnesses.

The very claim of episodic disability challenges Shayler's credibility.  In Exhibit 101, a Beverly Hospital medical report dated February 11, 2020, Shayler provided the following information that states his purported disability is not episodic:

k. How often can your patient perform the following activities?

| | Never | Rarely | Occasionally | Frequently |
|---|---|---|---|---|
| Twist | ☒ | ☐ | ☐ | ☐ |
| Stoop (bend) | ☒ | ☐ | ☐ | ☐ |
| Crouch/ squat | ☒ | ☐ | ☐ | ☐ |
| Climb ladders | ☒ | ☐ | ☐ | ☐ |
| Climb stairs | ☒ | ☐ | ☐ | ☐ |

If his disability was episodic, Shayler should have reported that he rarely or occasionally twists, stoops (bends), crouches/squats, climbs ladders, climb stairs. Exhibit 128, stills from a video taken July 14, 2021 and the video itself (Exhibit 113), shows Shayler stooping and crouching.  Exhibits 112 and 130 and his deposition testimony establish Shayler walked down stairs consisting of 6 steps to get to the sidewalk outside the CPAP store.  These exhibits and more impeach Shayler's claim of episodic disability and further impeach his statements to his medical providers.

7

Case No. 2:20-cv-11107-FMO-GJS

MOTION IN LIMINE NO. 4 TO EXCLUDE VIDEOS, PHOTOGRAPHS, OR EVIDENCE FROM OTHER MATTERS

The videos and stills are not unfairly prejudicial; they are proper challenges to Shayler's credibility. "Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). Trials of course must provide to the jury and Court the unvarnished facts. "Court proceedings are held for the solemn purpose of endeavoring to ascertain the truth which is the sine qua non of a fair trial." *Estes v. Texas*, 381 U.S. 532, 540, 85 S. Ct. 1628, 1631 (1965). "The purpose of a trial is to develop the truth, not suppress it." *United States v. Brown*, 501 F.2d 146, 160 (9th Cir. 1974) (rev. in *United States v. Nobles*, 422 U.S. 225, 95 S. Ct. 2160 (1975) in dissent by circuit judge.

Shayler seeks to prevent the jury and this Court from viewing all relevant evidence that impacts the credibility of his claim that he has disabilities that he alleges substantially limits his ability to walk, giving rise to this and 200 other lawsuits. He wants a trial devoid of opposition to the claim that architectural impacted his disability and that he suffered difficulty, discomfort or embarrassment.

Shayler is not entitled to a free pass on his claims of disability, standing to sue and damages.

### III.  CONCLUSION

#### a.  PLAINTIFF'S CONCLUSION

Defendant should be precluded from introducing videos, photographs, or evidence depicting Plaintiff from other matters. Such references are wholly irrelevant to the issues at hand (i.e., whether Defendant violated the ADA and

8 Case No. 2:20-cv-11107-FMO-GJS

MOTION IN LIMINE NO. 4 TO EXCLUDE VIDEOS, PHOTOGRAPHS, OR EVIDENCE FROM OTHER MATTERS

UCRA) and would be highly prejudicial.  Thus, the Court should grant Plaintiff's Motion in Limine No. 4 and preclude Defendant from introducing such evidence.

### b. DEFENDANT'S CONCLUSION

Shayler obviously does not understand that the action is not limited to a determination of whether violations exist on the property.  Shayler must prove his disability substantially limits his walking, prove his standing to sue, prove the alleged violations impacted his purported disability and prove that suffered harm for damages.  The motion in limine should be denied because Shayler's credibility on these issues is directly challenged by video and still exhibits.

Dated: January 14, 2022        THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: */s/ Anoush Hakimi*
   Anoush Hakimi, Esq.
   Attorneys for Plaintiff James Shayler

Date: January 14, 2022

James S. Link
Attorney for Defendant HB Mat Properties, LLC