UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11107 FMO (GJSx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | James Shayler v. HB Mat Properties, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

Having reviewed all the briefing filed with respect to Plaintiff's Motion for Summary Judgment (Dkt. 49, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.[1]

In determining whether a triable issue of material fact exists, the evidence must be considered in the light most favorable to the nonmoving party. See Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir. 1991). Here, taking the evidence in the light most favorable to defendant HB Mat Properties ("HB Mat"), the court finds that there are genuine issues of material fact precluding summary judgment, including whether plaintiff:

(1) is disabled,[2] (see Dkt. 49-3, Exh. 35 (February 11, 2020, Lumbar Spine Medical Source Statement)) (stating that plaintiff could "never" "Twist[,] Stoop (bend)[,] Crouch/squat[,] Climb ladders[,] Climb stairs"); (Dkt. 49-3, Exh. 33 (Deposition of James Shayler ("Shayler Depo") at 33) (testifying statements are accurate); (Dkt. 49-4, Statement of Uncontroverted Facts ("SUF") at D65-71); (Dkt. 49-3, Exh. 37 (video stills showing plaintiff stepping, bending at the waist, not using a cane while in and around a store, opening car door with right hand)); (Dkt. 49-3, Exhs. 39-42, 44 (video stills showing plaintiff standing and walking without using cane)); (Dkt. 49-3, Exh. 33 (Shayler Depo) at 59-60) (testifying that he walked down six stairs to get to the sidewalk after leaving a store); (Dkt. 49-3, Exh. 36 (photograph of stairs)); (Dkt. 49-3, Exhs. 46-49 (videos of Shayler walking without cane)); (see also Dkt.

---

[1] Because the parties are familiar with the facts, the court will repeat them below only as necessary.

[2] 42 U.S.C. §§ 12102(1)(A), (2)(A) ("The term 'disability' means . . . a physical or mental impairment that substantially limits one or more major life activities of such individual[,]" which includes "walking" and "standing").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11107 FMO (GJSx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | James Shayler v. HB Mat Properties, et al. | | |

49-2, Declaration of James Shayler in Support of Plaintiff's Motion for Summary Judgment ("Shayler Decl.") at ¶ 5); (Dkt. 49-3, Exh. 35 (February 11, 2020, Lumbar Spine Medical Source Statement) at ¶ 5); (Dkt. 49-3, Exh. 38 at ¶ 5); (Dkt. 49-3, Exh. 43 at ¶ 5); (Dkt. 49-3, Exh. 45 at ¶ 5) (Shayler declarations in various matters, including the instant Action, inconsistently stating which arm/hand is impaired and atrophied);

(2) has standing to seek injunctive relief, i.e., whether he is actually deterred from visiting Fusion Sushi again or has shown an intent to visit Fusion Sushi in the future,[3] (see, e.g., Dkt. 49-2, (Shayler Decl.) at ¶ 35) (indicating intent to return because plaintiff has friends who live near Fusion Sushi); (Dkt. 31-1, Declaration of James Shayler in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss [] at ¶¶ 8, 23) (stating, under penalty of perjury, that he "visited Fusion Sushi with one of [his] friends who especially enjoys sushi, but [plaintiff] had trouble accessing the property[,]" and that he "would like to visit Fusion Sushi again with [his] friend who enjoys sushi once it is safe to do so"); (Dkt. 49-3, Exh. 33 (Shayler Depo) at 54-55) (testifying, with respect to his visits to Fusion Sushi, that he "never had anybody with [him][;] [he] stopped there and bought food and then would go over to see [his friends]");[4] and

(3) suffered "difficulty, discomfort, or embarrassment" with respect to the Unruh Act claim. See Cal. Civ. Code § 55.56.

---

[3] See, e.g., Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011) (en banc) ("[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation."). "An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability. Injunctions do not extend to barriers not affecting persons with the plaintiff's particular disability[]; barriers that the plaintiff is not reasonably likely to encounter, such as those in areas off limits to customers[]; or barriers in areas he is unlikely to enter, such as ladies' restrooms or employee work areas." Id. at 953 (citations omitted)

[4] The court notes that it relied on Shayler's representation that he visited Fusion Sushi with one his friends in denying HB Mat's motion to dismiss. (See Dkt. 45, Court's Order of September 3, 2021, at 2) (finding that plaintiff had "adequately set forth an intent to return to the subject restaurant," based in part on his assertion "that he visited the subject restaurant with one of his friends").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-11107 FMO (GJSx) | Date | September 19, 2022 |
|---|---|---|---|
| Title | James Shayler v. HB Mat Properties, et al. | | |

In short, the court finds that the better course would be to proceed with a full trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986) (noting that trial court has discretion to "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion for Summary Judgment **(Document No. 49)** is **denied**.[5]

```
                                               00    :   00
                          Initials of Preparer        gga
```

---

[5] HB Mat's request for sanctions, which should have been filed as a separately noticed motion, is denied without prejudice.